UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY PRENDERGAST,

                Plaintiff,         08-CV-6506T

    v.                                **DECISION**
                                                    **and ORDER**

ADT SECURITY SERVICES, INC.,

                Defendant.
_____

## INTRODUCTION

Plaintiff Gregory Prendergast ("Prendergast"), brings this action against defendant ADT Security Systems, Inc. ("ADT") claiming that a security system installed by ADT at plaintiff's storage facility failed to work properly, and that as a result, plaintiff's collection of sports cards was stolen. According to the plaintiff, approximately 400 boxes of sports cards, worth approximately $4,000,000.00, were stolen from the storage facility.

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that plaintiff has failed to state a claim upon which relief can be granted. Specifically, the defendant contends that plaintiff's action is untimely, and that ADT may not be held liable for the plaintiff's loss of property. Plaintiff has neither opposed nor even responded to defendant's motion.

For the reasons set forth below, I grant defendant's motion to dismiss the Complaint with prejudice.

DISCUSSION

I.   Defendant's Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief.  Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II.  Plaintiff's Complaint is Barred by the Limitations Period set forth in the Parties' Contract.

On June 15, 2007, plaintiff and defendant entered into an agreement under which, for a fee, ADT agreed to provide Prendergast with a monitored security system.  According to the plaintiff, the system malfunctioned on July 4, 2007, when the ADT alarm monitors failed to receive a test signal.  According to the Complaint, the system was repaired the following day.

According to the plaintiff, on or about September 12, 2007, his storage facility was broken into, and the ADT alarm system failed to operate.  As a result, several hundred boxes of valuable sports cards were allegedly stolen.  On October 3, 2008, plaintiff

brought the instant action in New York State Supreme Court for the County of Monroe. The case was removed to this court pursuant to diversity jurisdiction.

The contract entered into by the parties for the provision of security services provides in relevant part that "no suit or action shall be brought against ADT more than one (1) year after the accrual of the cause of action therefor." See Defendant's Memorandum of Law in Support of Motion to dismiss at p. 6. Because parties may lawfully agree to shorten the limitations periods under which they bring legal actions, the one-year limitations period set forth in the parties' agreement is valid and enforceable. Flood v. Guardian Life Ins. Co., 2008 WL 199458 at *4 (E.D.N.Y., January 22, 2008)("Section 201 of New York's CPLR permits contracting parties to shorten a statue of limitations period, so long as the shortened period is memorialized in a written agreement between the parties"). As a result, the one-year limitations period set forth in the parties' contract renders the action brought by the plaintiff untimely. Accordingly, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted, and plaintiff's action is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         December 24,  2008